UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
=====================================
LAYTORA ROBERTSON, individually and
on behalf of all others similarly situated

                      Plaintiff,

     -against-

ENHANCED RECOVERY COMPANY, LLC,

                      Defendant.
=====================================

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Civil Action No:

## INTRODUCTION

1. Plaintiff Laytora Robertson files this Complaint seeking redress for the illegal practices of Defendant, Enhanced Recovery Company, LLC in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New Jersey who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Jacksonville, Florida.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## ALLEGATIONS PARTICULAR TO LAYTORA ROBERTSON

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 13, 2014 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes to Creditor Verizon Wireless. *See,* Collection Letter annexed hereto as Exhibit A.

12. Said letter stated the "Principal" balance as $202.03, "Collection Fees" as $36.36, and the "Balance" as $238.39.

13. The Defendant's statement in said letter of "Collection Fees" is a representation of an 18% collection fee.

14. The collection fee represented Defendant's anticipated compensation for collecting the said debt.

15. The collection fee was a contingent fee agreed to by Defendant and the Original Creditor, i.e. the collection fee was a predetermined percentage of the total amount recovered for the Original Creditor.

16. Only when Defendant was successful in recovering all or part of the principal amount was it entitled to its contingent fee.

17. If Defendant did not recover funds, it was not entitled to any fees.

18. At the time the said August 13, 2014 letter was sent to the Plaintiff, no funds had been recovered by Defendant on behalf of the Original Creditor.

19. Because nothing had been recovered, Defendant was not entitled to its contingent compensation and the Plaintiff was not liable for the collection fee.

20. The collection fee bears no relation to and are substantially greater than costs actually incurred by Defendant or the Original Creditor in their attempts to collect the account.

21. Upon information and belief, Defendant transmits thousands of letters to consumers, similar to the said letter, which misrepresent the amount the consumer actually owes. In each instance, Defendant charges the consumer with an illegal and unauthorized collection fee.

22. This practice misleads consumers by creating the false impression that consumers have incurred a collection fee due and owing.

23. The representation that an 18% collection fee is owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1). *See e.g., Seeger v. AFNI, Inc.*, 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), *Seeger v. AFNI, Inc.*, 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated § 1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully ''permit a third-party purchaser of an account to recover its internal costs.''), *Butto v. Collecto Inc.*, 2013 U.S. Dist. LEXIS 45502, 2013 WL 1285577 (E.D.N.Y. Mar. 29, 2013). (Granting

Class certification as to a letter which included a collection fee for Verizon service which had not yet been incurred at the time the letter was sent.)

24. Said letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f, and 1692f(1) for attempting to collect prohibited 18% collection fees.

25. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

26. This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

27. The identities of all class members are readily ascertainable from the records of the Defendant and those business and governmental entities on whose behalf it attempts to collect debt.

28. Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

29. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

30. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

31. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause her not to vigorously pursue this action.

32. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class

members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

33. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

34. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

35. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

36. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

37. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of a class.

39. The class consists of all persons whom Defendant's records reflect resided in the State of New Jersey and who were sent a collection letter; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

*Violations of the Fair Debt Collection Practices Act*

40. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

42. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yitzchak Zelman, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: March 17, 2015                      <u>s/ Yitzhak Zelman, Esq.</u>
                                                    Yitzchak Zelman, Esq. (YZ5857)
                                                    Law Office of Alan J. Sasson, P.C.
                                                    1669 East 12th Street
                                                    Brooklyn, New York 11229
                                                    Telephone: (718) 339-0856
                                                    Facsimile: (347) 244-7178
                                                    *Attorneys for Plaintiff*