## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAYTORA ROBERTSON, individually
and on behalf of all others similarly situated,

        Plaintiff,                       Case No. 2:15-cv-01970-CCC-JBC

vs.

ENHANCED RECOVERY COMPANY, LLC,    **ANSWER AND**
                                        **AFFIRMATIVE DEFENSES**

        Defendant.

_____

## INTRODUCTION

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiff, Laytora Robertson ("Plaintiff").

1.      ERC admits that Plaintiff brings this action against it for alleged violations of the Fair Debt Collection Practices Act, but denies any violation of the foregoing law.

2.      ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the allegations.

3.      ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

4.      ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the allegations.

SGR/12973260.2

5.      ERC admits that it maintains its principal place of business in Jacksonville, Florida.

6.      ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

7.      ERC admits that it is engaged in the business of providing collection services on behalf of its customers. The remaining allegations contained in paragraph 7 of the Complaint are legal conclusions and, therefore, are not allegations to which ERC can respond. To the extent they are not legal conclusions, the allegations are denied.

### JURISDICTION AND VENUE

8.      ERC admits the allegations of paragraph 8 of the Complaint for jurisdictional purposes only.

9.      ERC admits that venue is proper in this District.

### ALLEGATIONS PARTICULAR TO LAYTORA ROBERTSON

10.      ERC admits that it sought to collect on an account in Plaintiff's name. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and, therefore, denies the allegations.

11.      ERC admits that on or about August 13, 2014 it sent a letter to Plaintiff seeking to collect on an account with Verizon Wireless ("Verizon"). ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies the allegations.

12.      ERC states that Exhibit A speaks for itself.

SGR/12973260.2

13.     ERC admits that the "Collection Fees" itemized in the letter refers to the fee authorized and agreed to by Plaintiff in her contract with Verizon Wireless, and assessed by Verizon Wireless, a collection fee not to exceed 18% of Plaintiff's past due amount.

14.     ERC denies that the Collection Fee represents its anticipated compensation for collecting on the account at issue.

15.     ERC denies that the Collection Fee is a contingent fee agreed to by it and Verizon.  The Collection Fee is a fee agreed to by Plaintiff and Verizon Wireless.  As Plaintiff agreed, the fee accrued and was assessed by Verizon Wireless upon referral of the account to a third-party collector.

16.     ERC denies that the Collection Fee referred to in the letter is a contingent fee agreed to between ERC and Verizon Wireless. The Collection Fee is a fee agreed to by Plaintiff and Verizon Wireless.  As Plaintiff agreed, the fee accrued and was assessed by Verizon Wireless upon referral of the account to a third-party collector.

17.     ERC denies that the Collection Fee referred to in the letter is a contingent fee agreed to between ERC and Verizon Wireless. The Collection Fee referred to in the letter is a fee agreed to by Plaintiff and Verizon Wireless and is not contingent on the amounts actually collected by ERC.  As Plaintiff agreed, the fee accrued and was assessed by Verizon Wireless upon referral of the account to a third-party collector.  The terms of ERC's compensation for providing collection services have no bearing on the accrual of the collection fee referred to in the letter.

18.     ERC admits that as of the date of the letter it had not collected any funds from Plaintiff on the subject account, but denies that ERC's compensation for providing collection services has any bearing on the accrual of the collection fee referred to in the letter.

3

19.     ERC denies the allegations contained in paragraph 19 of the Complaint.

20.     ERC denies the allegations contained in paragraph 20 of the Complaint.

21.     ERC denies the allegations contained in paragraph 21 of the Complaint.

22.     ERC denies the allegations contained in paragraph 22 of the Complaint.

23.     ERC denies the allegations contained in paragraph 23 of the Complaint.

24.     ERC denies the allegations contained in paragraph 24 of the Complaint.

25.     ERC denies the allegations contained in paragraph 25 of the Complaint.

## CLASS ALLEGATIONS

26.     ERC admits that Plaintiff attempts to bring the allegations in the Complaint as a class action. ERC denies that this case is appropriate to be certified or maintained as a class action, that Plaintiff has stated valid claims for relief, or that Plaintiff is entitled to any relief.

27.     ERC admits that its records contain information related to account holders. ERC denies that this case is appropriate to be certified or maintained as a class action. Any and all allegations of liability are denied.

28.     Paragraph 28 of the Complaint contains Plaintiff's definition of the putative class that Plaintiff purports to represent, to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by Plaintiff.

29.     ERC denies the allegations contained in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of

4

certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

31.     Paragraph 31 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

32.     Paragraph 32 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

33.     Paragraph 33 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

34.     Paragraph 34 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

SGR/12973260.2

35.      Paragraph 35 of the Complaint contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for certification of a class to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying the class defined by the Plaintiff. To the extent this paragraph is deemed to contain factual allegations, they are denied.

36.      Paragraph 36 of the Complaint contains Plaintiff's intention to certify one or more classes that Plaintiff purports to represent, to which no response should be necessary. To the extent a response is deemed necessary, ERC denies the appropriateness of certifying any classes this matter.

## FIRST CAUSE OF ACTION

37.      ERC incorporates and responds to paragraphs 1 through 36 of the Complaint as set forth above.

38.      ERC admits that Plaintiff brings this action on behalf of herself and a putative class, but denies that class certification is appropriate in this matter.

39.      ERC denies that class certification is appropriate in this matter.

40.      ERC denies the allegations contained in paragraph 40 of the Complaint.

41.      ERC denies the allegations contained in paragraph 41 of the Complaint.

42.      ERC denies the allegations contained in paragraph 42 of the Complaint.

## GENERAL DENIAL

43.      ERC denies all allegations of the Complaint not specifically admitted herein.

6

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for damages against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for actual damages must be dismissed because Plaintiff has failed to plead any facts entitling her to such damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages against ERC under the FDCPA must be dismissed because all amounts sought to be collected from the Plaintiff were expressly authorized by the Plaintiff's contract with Verizon Wireless pursuant to 15 U.S.C. 1692f (1).

### FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to challenge the sufficiency of Plaintiff's class allegations, including the right to raise issues or defenses applicable to the purported claims of the named Plaintiff and/or individual putative class members, at the appropriate stages of this case.

### CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3).

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint,

7

SGR/12973260.2

award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as

the Court deems just and equitable.


Dated: May 5, 2015

/s Peter G. Goodman
    Peter G. Goodman

SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
pgoodman@sgrlaw.com

*Attorneys for Defendant*
*Enhanced Recovery Company, LLC*

8

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2015, electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Yitzchak Zelman, Esq.
Law Office of Alan J. Sasson, P.C.
1669 East 12th Street
Brooklyn, New York 11229
Telephone:  718-339-0856
Facsimile: 347-244-7178
Attorneys for Plaintiff


Dated: May 5, 2015

/s Peter G. Goodman
Attorney

9