NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAYTORA ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant. | Civil Action No. 15-1970<br><br>OPINION |

**CECCHI, District Judge**

## I. INTRODUCTION

Before the Court is the motion of defendant Enhanced Recovery Company, LLC ("Defendant" or "ERC"), for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 21. Plaintiff Laytora Robertson ("Plaintiff") opposes the motion. ECF No. 22. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the motion.

## II. BACKGROUND

On or about August 13, 2014, Defendant sent Plaintiff a collection letter (the "Collection Letter") seeking to collect a balance due to Verizon Wireless ("Verizon").[1] Plaintiff's Complaint ("Compl."), ECF No. 1, ¶ 11. The Collection Letter stated Plaintiff owed a "Principal Balance" of $202.03 and "Collection Fees" in the amount of $36.36, which represented eighteen percent of the "Principal Balance." Id. ¶¶ 12-13.

---

[1] Plaintiff does not appear to dispute that she owed a balance to Verizon.

1

On March 17, 2015, Plaintiff brought this action on behalf of herself and all others similarly situated, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Compl. ¶¶ 23-24. Specifically, Plaintiff alleges the Collection Letter violated the FDCPA because it stated Plaintiff owed an eighteen-percent collection fee, which was "substantially greater than costs actually incurred by Defendant or [Verizon] in their attempts to collect the account." Id. ¶¶ 20, 23, 24. On October 20, 2015, Defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 21.

Defendant contends it is entitled to a judgment as a matter of law because Plaintiff's contract with Verizon (the "Contract") authorized Verizon to charge Plaintiff the eighteen-percent Collection Fee. The Contract provides in relevant part:

> If you fail to pay on time and Verizon Wireless refers your account(s) to a third party for collection, Verizon Wireless <u>will charge</u> a collection fee at the maximum percentage permitted by applicable law, but not to exceed 18 percent, <u>to cover collection-related costs</u>.

Declaration of Peter Goodman, ECF No. 21, Ex. A, at 6 (emphasis added).[2]

Plaintiff contends the plain language of the Contract authorized Verizon to charge a collection fee only in the amount of actual costs already incurred up to eighteen percent of the balance due. In the alternative, Plaintiff asserts the Contract is ambiguous.

## III. LEGAL STANDARD

A motion for judgment on the pleadings "will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to a judgment as a matter of

---

[2] In evaluating a motion to dismiss, a district court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Although Plaintiff's Complaint did not include the Contract, this Court may nonetheless rely on the Contract because Plaintiff's Complaint is based in part on the Contract and Plaintiff cites to the Contract in her opposition papers.

law." See Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). The Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

## IV. **DISCUSSION**

The FDCPA is construed broadly. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015) (citing Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013)). As such, this Court must "analyze the communication giving rise to the FDCPA claim from the perspective of the least sophisticated debtor." Id. (quoting Rosenau, 539 F.3d at 221 (internal quotation marks omitted)). Although the "least-sophisticated debtor" standard is a low standard, it does not require the Court to credit unreasonable or idiosyncratic interpretations of collection notices. Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011).

Plaintiff alleges the Contract did not authorize Verizon to collect an eighteen-percent fee for collection services ERC had not yet performed. Plaintiff contends the Collection Letter violated the FDCPA's prohibition on the attempted collection of any amount not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); see also Kaymark, 783 F.3d at 176 ("[D]emanding fees in the collection of debts in a way contrary to the underlying agreement is actionable under the FDCPA."). Defendant contends the Contract authorized the eighteen-percent fee. For the reasons set forth below, the Court grants Defendant's motion.

Both parties assert the Third Circuit's decision in Kaymark supports their interpretation of the Contract. See Def. Br. in Supp., ECF No. 21-2, at 5-7; Pl. Br. in Opp., ECF No. 22, at 8-9. In Kaymark, a debt collector sought to collect from a debtor $1,650 in attorneys' fees. See Kaymark, 783 F.3d at 172-73. The plaintiff contended the underlying agreement permitted the debt collector to charge him only the

actual cost of services already performed in seeking to collect the debt. See id. That underlying agreement stated:

> Lender may charge Borrower fees for services performed in connection with Borrower's default and for the purpose of protecting Lender's interest in the Property and rights under this Security Agreement, including, but not limited to, attorneys' fees, property inspection and valuation fees.
>
> . . .
>
> If the default is not cured as specified . . . . Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section [ ], including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

Id. at 172. The court held the plaintiff stated a claim for a violation of the FDCPA, concluding that, viewed through the eyes of the least-sophisticated debtor, the phrases "services performed in connection with the default," and "all expenses incurred" meant the debt collector was not authorized to collect fees for not-yet-performed services and expenses. Id. at 175-76; see also Genova v. IC Sys., Inc., No. CV 16-5621, 2017 WL 2289289, at *4 (D.N.J. May 25, 2017) (finding an agreement providing buyer was "responsible to pay . . . any fees incurred should my account require collection action" (emphasis added) did not authorize collection of fees "[b]ecause the Collection Charge had not been incurred or earned by Defendant at the time of the communication); Fooks v. Heritage Payment Recovery, No. 1:14-CV-00881, 2015 WL 4393903, at *7 (M.D. Pa. July 16, 2015) (finding a contract stating "Buyer agrees to pay reasonable collection costs . . . incurred by the Buyer" could be reasonably read to mean the plaintiff was only liable for costs actually incurred).

The Court agrees with Defendant that Kaymark is distinguishable. Here, unlike the underlying agreement in Kaymark, the Contract does not specify that the collection fee would be assessed only for expenses already "incurred" or services already "performed" in the course of collecting a debt. Rather, instead of using a past participle, the Contract employs the infinitive: "to cover collection-related costs." Accordingly, as the Contract imposes no temporal restriction on Verizon's ability to charge the collection

4

fee, Kaymark does not require a finding that ERC violated the FDCPA.

The other cases Plaintiff cites in support of her argument are similarly inapposite. The underlying agreements at issue in two of those cases explicitly made the plaintiff's duty to pay collection costs contingent upon the collector having first charged the creditor for those collection costs. In Gathuru v. Credit Control Services., Inc., 623 F. Supp. 2d 113 (D. Mass. 2009), the plaintiff had agreed to "repay [the creditor] according to the terms of this Agreement for all . . . collection costs." Id. at 115 (emphasis added). Similarly, in Hernandez v. Miracle Financial, Inc., No. CIV.A. 11-4074 JLL, 2011 WL 6328216, at *1 (D.N.J. Dec. 13, 2011), the underlying contract stated in relevant part: "If we use a collection agency to collect from you, we may charge you for any fees the collection agency charges us . . . ." Id. at *3. Here, by contrast, the Contract's plain language explicitly creates only two conditions precedent to Plaintiff's obligation to pay the collection fee: (1) Plaintiff's failure to pay on time and (2) the referral of Plaintiff's account to collections. There is no language indicating ERC must first charge the cost of collection to Verizon before Verizon may charge the collection fee.

In another case, the plaintiffs alleged they had agreed to pay only those costs "the lender incurs in collecting [the] loan." Ardino v. Solomon & Solomon, P.C., No. CIV. 13-1821 KM, 2014 WL 268680, at *4 (D.N.J. Jan. 23, 2014). Accordingly, the court found that the plaintiffs were obligated to pay only the actual costs of collection, not "a progressive or estimated fee." Id. Here, however, the Contract does not expressly limit the collection fee to those costs Verizon actually incurs. Instead, the Contract imposes only a percentage-based limitation on Verizon's right to charge the collection fee.

Finally, the underlying agreement in Bradley v. Franklin Collection Serv., Inc., 739 F.3d 606 (11th Cir. 2014) required the plaintiff to pay "all costs of collection." Id. at 609. That agreement did not, however, permit the collector to charge a percentage-based fee. Id. at 610. Accordingly, the Eleventh Circuit held the assessment of a 33-and-1/3% collection fee violated the FDCPA. Id. The court noted the

parties "could . . . have formed an agreement allowing for the collection of [a] percentage-based fee." Id. The Contract is one such agreement: unlike the agreement in Bradley, it explicitly permits Verizon to charge a percentage-based fee.

Thus, unlike the agreements at issue in the foregoing cases, the Contract clearly permits Verizon to charge a percentage-based fee that is not dependent on actual collection costs incurred. As discussed above, the Contract imposes several explicit limitations on Verizon's right to charge the collection fee. Those limitations do not include an explicit requirement that ERC have already charged Verizon the costs of collection. Moreover, the Contract states only that the collection fee is meant "to cover collection-related costs"; it does not limit the collection fee to the exact cost ERC incurs in collecting on the underlying debt. In light of these considerations, the clause "to cover collection-related costs" is clearly understood as a statement of the collection fee's general purpose. Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law.[3]

## V.   CONCLUSION

Based on the reasons set forth above, the motion for a judgment of the pleadings is granted. The Court will dismiss the Complaint without prejudice. An appropriate order accompanies this Opinion.

Dated: November 30, 2017

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[3] Although Plaintiff asserts claims under several provisions of the FDCPA, the parties agree Plaintiff's § 1692f(1) claim presents a threshold issue. See ECF No. 17. Because the Court grants Defendant's motion on its § 1692f(1) claim, it need not consider Plaintiff's other claims.